IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WASEEM DAKER,

       Plaintiff,

v.

MARTY ALLEN, ET AL., individually and in their official capacities,[1]

       Defendants.

CIVIL ACTION NO.: 6:17-cv-79

**O R D E R**

Plaintiff, who is incarcerated at Georgia State Prison in Reidsville, Georgia, filed a Complaint pursuant to 42 U.S.C. § 1983 in the Middle District of Georgia on December 7, 2016. (Doc. 1.) Plaintiff also filed Motions to Proceed *in Forma Pauperis.* (Docs. 2, 16[2].) Moreover, Plaintiff has filed: two Emergency Motions for Partial Summary Judgment, Preliminary Injunction, and Temporary Restraining Order, (docs. 7, 8); three Emergency Motions for Preliminary Injunction and Preliminary Injunction, (docs. 13, 14, 15); two additional Motions for Partial Summary Judgment, Permanent Injunction, and Preliminary Injunction, (docs. 10, 11), and a Motion for Subpoena and/or Preservation of Evidence, (doc. 12). The District Court for the Middle District of Georgia transferred this case to this Court after conducting a review of

---

[1] The Court **DIRECTS** the Clerk of Court to terminate the Georgia Department of Corrections Defendants, the Doe Defendants, and the Georgia Department of Corrections, as set forth in the Honorable C. Ashley Royal's Order dated June 8, 2017. (Doc. 17.)

[2] Though Plaintiff entitled this pleading as a Motion to Proceed *in Forma Pauperis*, a review of this pleading reveals that Plaintiff wishes to supplement and/or amend his original Complaint. (Doc. 16.) Even construing Plaintiff's Motion as such, however, reveals that Plaintiff cannot use this pleading to supplement and/or amend his Complaint because the assertions set forth in his "Motion" are just as unrelated to each other as his original assertions.

Plaintiff's Complaint and dismissing Plaintiff's claims against any Defendant residing within the confines of the Middle District of Georgia. (Doc. 17.)[3]

For the reasons set forth below, the Court **DEFERS** ruling on Plaintiff's Motions to Proceed *in Forma Pauperis*, as well as the numerous other Motions Plaintiff has filed, and **DIRECTS** Plaintiff to amend his Complaint and to submit the appropriate form on which to move to proceed *in forma pauperis* within **fourteen (14) days** of the date of this Order. The Court also **DIRECTS** the Clerk of Court to mail Plaintiff the Court's preferred forms for prisoner-plaintiffs wishing to move to proceed without pre-payment of fees and for the filing of Section 1983 complaints.

## BACKGROUND

Plaintiff brings his Complaint pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, *et seq.*, ("RLUIPA"). In his Complaint, Plaintiff generally alleges that the remaining Defendants have violated his constitutional rights and the RLUIPA while he has been housed at Georgia State Prison. Specifically, Plaintiff asserts he is an adherent to the Islamic religion, and "Defendants' policies and customs" are leading to the denial of Plaintiff's participation in religious celebrations and feasts, prayer oils, religious publications and educational materials, and the ability to correspond with religious leaders. (Doc. 1, p. 11.) Plaintiff contends "Defendants" placed him in the Tier II program in April 2016 without providing advanced notice or an opportunity to present testimony or evidence against his placement, in violation of due process. (Id. at pp. 14–15.) Plaintiff also contends the Tier II program consists of three (3) different phases, he was placed in these different phases as recently as November 29, 2016, and he was denied due process protections each time. (Id. at pp. 14–16.)

---

[3] Plaintiff has also filed a Motion to Vacate and Reconsider the Middle District of Georgia court's June 8, 2017, Order. Plaintiff's Motion should have been filed with the Middle District of Georgia court, not this Court. This Court **DISMISSES** Plaintiff's Motion as having been improperly filed in this Court.

2

In addition, Plaintiff maintains that Defendants have a custom of enforcing grooming regulations through disciplinary action, threats of the use of force, and actual uses of force.  (Id. at p. 17.) Plaintiff avers he was forcibly shaven with clippers that were not sanitized on several occasions, including one occasion on November 9, 2016.  Plaintiff states Defendants Hutcheson, Moye, and Anderson told him to shave his beard, but Plaintiff declined to follow this directive for religious reasons.  As a result, Plaintiff alleges Defendants Williams, Nobilio, and Jones forcibly dragged and carried Plaintiff by his arms to the barbershop while Defendants Worthen, Kelley, and Hester watched this occur and did nothing to intervene on Plaintiff's behalf.  Plaintiff contends he had injuries to his back, right shoulder blade, and wrists as a result of this incident.  (Id. at pp. 17–18.)  Plaintiff also alleges Defendant Allen, later this same day, directed Defendants Hutcheson, Ford, Littles, Mendez, Nobilio, Williams, and Wright to forcibly shave Plaintiff, at which time Plaintiff was sprayed with MK-9, a chemical agent, and was dragged to the barbershop without being de-contaminated, causing his eyes and throat to burn for more than thirty (30) minutes' time.  (Id. at p. 18.)

Moreover, Plaintiff maintains he has been diagnosed with allergy and sinus problems and is on medication for these problems.  Plaintiff states he has been suffering with ongoing toothaches and pains.  (Id. at p. 20.)  However, Plaintiff asserts "Defendants" deny Sensodyne toothpaste, which Defendant Geiger instructed Plaintiff to use, to inmates in the Tier II program and to those inmates who are indigent.

## DISCUSSION

Plaintiff seeks to bring this action *in forma pauperis*.  Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the

3

filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the

4

elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.  Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court must abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**I.     Plaintiff's Motion to Proceed *in Forma Pauperis***

While Plaintiff has submitted an Application to Proceed *in Forma Pauperis*, he has used a form which is not the form this Court wishes for prisoners to use when seeking to proceed before this Court.  To this end, the Court **DIRECTS** the Clerk of Court to provide Plaintiff with a blank copy of the application to proceed *in forma pauperis* form which asks prisoner-plaintiffs questions about their inmate trust accounts on page 2 of this application.  The Court **DIRECTS** Plaintiff to re-submit his application within **fourteen (14) days** of this Order and **DEFERS** ruling on Plaintiff's Motions until he has submitted the proper forms.  Plaintiff is advised that his failure to timely comply with this Court's directive may result in the dismissal of his Complaint for failure to follow a Court Order and failure to prosecute.

**II.     Plaintiff's Amended Complaint**

In addition, the Court **DIRECTS** the Clerk of Court to provide Plaintiff with a blank prisoner civil rights complaint form.  The Court also **DIRECTS** Plaintiff to complete this form within **fourteen (14) days** of this Order and to pay special attention to the questions this forms asks.  In addition, Plaintiff is advised he must set forth allegations indicating that his constitutional and/or statutory rights have been violated and by whom his rights have been violated.

The Court also advises Plaintiff that the allegations Plaintiff sets forth in his Complaint are not related to each other.  A plaintiff may not join claims and various defendants in one action unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a).  Accordingly, Plaintiff's Complaint in its current form fails to state a viable claim.  However, the Court will provide Plaintiff the opportunity to amend his Complaint and **DEFERS** frivolity review until such an Amended Complaint is filed.

The Court also **DIRECTS** Plaintiff to:

(1) draft his Amended Complaint on the complaint form provided by the Clerk of Court;

(2) clearly caption it as an amendment to the original complaint and place the civil action number of this case on the first page of the form;

(3) add no more than ten pages to the form;

(4) write legibly and only on one side of each page;

(5) provide the name of each intended defendant;

6

(6) provide only factual allegations concerning events where the rights of Plaintiff himself were violated or Plaintiff himself was injured, including the date and location of each alleged violation;

(7) only assert claims that arose from the same transaction or occurrence or series of related transactions or occurrences;

(8) clearly identify each defendant responsible for each alleged violation;

(9) omit all legal argument or conclusions;

(10) provide complete information on the administrative relief Plaintiff has pursued, including whether he has filed any grievance on the claims he asserts in this action, the outcome of any grievance, and whether Plaintiff filed any appeal regarding any grievance; and

(11) provide detailed information on all prisoner civil actions Plaintiff has filed.

<u>Plaintiff's failure to file an appropriate Amended Complaint also could result in the dismissal of his cause of action for failure to follow this Court's Order.</u>

## CONCLUSION

For the above stated reasons, the Court **DEFERS** ruling on Plaintiff's Motions to Proceed *in Forma Pauperis*, as well as the other various Motions Plaintiff has filed. The Court **DIRECTS** Plaintiff to amend his Complaint and to submit the appropriate form on which to move to proceed *in forma pauperis* within **fourteen (14) days** of the date of this Order. Should Plaintiff fail to abide by these directives, the Court will dismiss this case for failure to prosecute and failure to follow a Court Order.

The Court **DIRECTS** the Clerk of Court to forward to Plaintiff a blank copy of the prisoner civil rights form complaint and a blank copy of the appropriate form for application to proceed *in forma pauperis* for prisoners.

**SO ORDERED**, this 20th day of July, 2017.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA