# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER,<br><br>      Plaintiff,<br><br>v.<br><br>MARTY ALLEN, et al., individually and in their official capacities,<br><br>      Defendants. | CIVIL ACTION NO.: 6:17-cv-79 |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is incarcerated at Georgia State Prison in Reidsville, Georgia, filed a Complaint pursuant to 42 U.S.C. § 1983 in the Middle District of Georgia on December 7, 2016. (Doc. 1.) Plaintiff also filed Motions to Proceed *in Forma Pauperis.* (Docs. 2, 16.) Moreover, Plaintiff filed: two Emergency Motions for Partial Summary Judgment, Preliminary Injunction, and Temporary Restraining Order, (docs. 7, 8); three Emergency Motions for Preliminary Injunction and Temporary Restraining Order, (docs. 13, 14, 15); two additional Motions for Partial Summary Judgment, Permanent Injunction, and Preliminary Injunction, (docs. 10, 11); and a Motion for Subpoena and/or Preservation of Evidence, (doc. 12). The District Court for the Middle District of Georgia transferred Plaintiff's case to this Court after conducting a review of Plaintiff's Complaint and dismissing Plaintiff's claims against any Defendant residing within the Middle District of Georgia. (Doc. 17.)

This Court deferred ruling on Plaintiff's Motions to Proceed *in Forma Pauperis* and the numerous other Motions Plaintiff filed by Order dated July 20, 2017. (Doc. 21.) In that same Order, the Court deferred its requisite frivolity review of Plaintiff's Complaint. The Court

directed Plaintiff to amend his Complaint and to submit the appropriate form on which to move to proceed *in forma pauperis* within fourteen (14) days of that Order. (Id. at p. 2.) The Court advised Plaintiff his claims were not related to each other and that he must set forth allegations in his Amended Complaint indicating that his constitutional and/or statutory rights had been violated and by whom those rights had been violated. (Id. at p. 6.) In this regard, the Court provided Plaintiff with specific instructions as to how he should amend his Complaint. (Id. at pp. 6–7.) Plaintiff was cautioned that his failure to file an appropriate Amended Complaint "could result in the dismissal of his cause of action for failure to follow this Court's Order." (Id. at p. 7 (emphasis in original).)

While Plaintiff did file a proper and timely third Motion to Proceed *in Forma Pauperis*, (doc. 23), he also filed a Motion for Extension of Time to Comply, Object, or Move to Reconsider this Court's Order. (Doc. 24.) Plaintiff sought an extension of time until September 6, 2017, to comply with this Court's directive to file an appropriate Amended Complaint. According to Plaintiff, he intended to file an Amended Complaint, but he could not access the law library to research the claims, the proper Defendants, and the facts he needed to assert in his Amended Complaint. (Id. at p. 2.) This Court granted Plaintiff's Motion in part and allowed Plaintiff up to and including August 28, 2017, to file any desired response to the Court's July 20, 2017, Order. (Doc. 26.) Plaintiff was forewarned "that the Court will not grant any additional motions for extension of time to respond he may file." (Id. at p. 1.)

Nevertheless, Plaintiff filed a Second Motion for Extension of Time to Comply, Object, or Move to Reconsider on August 30, 2017. (Doc. 27.) Plaintiff asserts he had surgery on his wrist on August 8, 2017, and is unable to "do any lengthy writing/typing" until he recovers from his surgery. Plaintiff estimates this will take four to eight (4–8) weeks' time. (Id. at p. 1.)

Plaintiff requests an extension of time until October 6, 2017, to respond to the Court's July 20, 2017, Order. (Id. at pp. 1–2.) Plaintiff has also filed a Motion for Extension of Time to File Objections to the August 14, 2017, Order and a Motion for Reconsideration of this same Order. (Docs. 28, 29.)

For the reasons which follow, the Court **DENIES** Plaintiff's Second Motion for Extensions of Time and his Motion for Reconsideration, (docs. 27, 28, 29), and Plaintiff's Motions for Leave to Proceed *in Forma Pauperis*, (docs. 2, 16, 23). For these same reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DISMISS as moot** all other pending Motions, (docs. 7, 8, 10, 11–15), and **DIRECT** the Clerk of Court to **CLOSE** this case for failure to follow this Court's Order. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

Further, given that the Court denies Plaintiff's *in Forma Pauperis* Motions and Plaintiff has failed to comply with this Court's Orders, the Court hereby **STAYS** this case. The Court **DIRECTS** the Clerk of Court to note the stay of this case on the Court's docket. This stay does not relieve Plaintiff of his obligation to file Objections to this Report and Recommendation within fourteen (14) days of the date of this Order.

## BACKGROUND

Plaintiff brings his Complaint pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, *et seq.*, ("RLUIPA"). In his Complaint, Plaintiff generally alleges that the remaining Defendants have violated his constitutional rights and the RLUIPA while he has been housed at Georgia State Prison. Specifically, Plaintiff asserts he is an adherent to the Islamic religion, and "Defendants' policies and customs" are leading to the denial of Plaintiff's participation in religious celebrations and feasts, prayer oils, religious

3

publications and educational materials, and the ability to correspond with religious leaders. (Doc. 1, p. 11.) Plaintiff contends "Defendants" placed him in the Tier II program in April 2016 without providing advanced notice or an opportunity to present testimony or evidence against his placement, in violation of due process. (Id. at pp. 14–15.) Plaintiff also contends the Tier II program consists of three (3) different phases, he was placed in these different phases as recently as November 29, 2016, and he was denied due process protections each time. (Id. at pp. 14–16.) In addition, Plaintiff maintains that "Defendants" have a custom of enforcing grooming regulations through disciplinary action, threats of the use of force, and actual uses of force. (Id. at p. 17.) Plaintiff avers he was forcibly shaven with clippers that were not sanitized on several occasions, including one occasion on November 9, 2016. Plaintiff states Defendants Hutcheson, Moye, and Anderson told him to shave his beard, but Plaintiff declined to follow this directive for religious reasons. As a result, Plaintiff alleges Defendants Williams, Nobilio, and Jones forcibly dragged and carried Plaintiff by his arms to the barbershop while Defendants Worthen, Kelley, and Hester watched this occur and did nothing to intervene on Plaintiff's behalf. Plaintiff contends he had injuries to his back, right shoulder blade, and wrists as a result of this incident. (Id. at pp. 17–18.) Plaintiff also alleges Defendant Allen, later this same day, directed Defendants Hutcheson, Ford, Littles, Mendez, Nobilio, Williams, and Wright to forcibly shave Plaintiff, at which time Plaintiff was sprayed with MK-9, a chemical agent, and was dragged to the barbershop without being de-contaminated, causing his eyes and throat to burn for more than thirty (30) minutes' time. (Id. at p. 18.)

Moreover, Plaintiff maintains he has been diagnosed with allergy and sinus problems and is on medication for these problems. Plaintiff states he has been suffering with ongoing toothaches and pains. (Id. at p. 20.) However, Plaintiff asserts "Defendants" deny Sensodyne

4

toothpaste, which Defendant Geiger instructed Plaintiff to use, to inmates in the Tier II program and to those inmates who are indigent.

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a Complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.     Dismissal for Failure to Follow this Court's Orders**

As noted above, the Court directed Plaintiff to amend his Complaint within fourteen (14) days of its July 20, 2017, Order. (Doc. 21, p. 2.) Plaintiff was cautioned that his failure to file an appropriate Amended Complaint "could result in the dismissal of his cause of action for failure to follow this Court's Order." (Id. at p. 7 (emphasis in original).) In response to that Order, Plaintiff filed a Motion for Extension of Time to Comply, Object, or Move to Reconsider this Court's Order. (Doc. 24.) This Court granted Plaintiff's Motion in part and allowed Plaintiff up to and including August 28, 2017, to file any desired response to the Court's July 20, 2017, Order. (Doc. 26.) The Court forewarned Plaintiff "that the Court will not grant any additional motions for extension of time to respond he may file." (Id. at p. 1.)

A district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a

district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Plaintiff did not comply with this Court's Order to file an appropriate Amended Complaint, nor did he heed this Court's warning that it would not grant any additional motion for extension of time Plaintiff might file. Instead, Plaintiff filed a Second Motion for Extension of Time to Comply, Object, or Move to Reconsider, despite this Court's directive to file an appropriate Amended Complaint and the Court's admonition that it would not grant any additional extensions to comply with the July 20, 2017, Order. (Docs. 21, 27.) Thus, Plaintiff did not comply with this Court's Orders.

Furthermore, the Court notes Plaintiff's reason for requesting a second extension to respond to its July 20, 2017, Order is because he had wrist surgery and cannot write any pleading that will be lengthy.[1] (Id. at p. 1.) However, the Court's instructions to Plaintiff for the filing of an appropriate Amended Complaint only allow for Plaintiff to add no more than ten (10) pages to the form Complaint. Such a pleading is hardly lengthy. In addition, the Court takes judicial notice that, in at least one other cause of action Plaintiff initiated in this Court, he filed seven (7) pleadings or documents on August 11, 2017, or later. Gresham v. Georgia, CV 316-084, 2016 WL 7638479, at *1 (S.D. Ga. Dec. 8, 2016) (noting a court has power to take judicial notice of its own records). These documents combine for fifteen (15) pages of substantive content. Daker v. Allen, 6:17-cv-23 (S.D. Ga. Aug. 11–30, 2017), ECF Nos. 33–39. Plaintiff's proffered reason for needing an additional extension of time to respond to this Court's July 20, 2017, Order in this case—that he cannot prepare anything lengthy until he heals from surgery—is less than credible.[2]

---

[1] In his first Motion for Extension of Time, Plaintiff declared he could not comply with the Court's July 20, 2017, Order because he could not access the law library to conduct research. (Doc. 24.)

[2] Plaintiff advances the same reasoning in moving for an extension of time to file Objections to and for reconsideration of the Court's August 14, 2017, Order as he does in his Second Motion for Extension of Time. The Court finds Plaintiff's reasons for requesting an extension of time less than credible.

Consequently, the Court should **DISMISS without prejudice** Plaintiff's Complaint for failure to follow this Court's Order. See Brown, 205 F. App'x at 802 (upholding dismissal for failure to prosecute Section 1983 claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[3]  Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[3]  A certificate of appealability is not required in this Section 1983 action.

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motions for Leave to Proceed *in Forma Pauperis*, his Second Motion for Extension of Time, Motion for Extension of Time to File Objections, and Motion for Reconsideration. (Docs. 2, 16, 23, 27, 28, 29.) Further, the Court **STAYS** this case. I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DISMISS as moot** all other pending Motions, and **DIRECT** the Clerk of Court to **CLOSE** this case. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 18th day of September, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA