IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WASEEM DAKER,

    Plaintiff,

v.

MARTY ALLEN, et al., individually and in
their official capacities,

    Defendants.

CIVIL ACTION NO.: 6:17-cv-79

## O R D E R

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated September 18, 2017, (doc. 30), and nine (9) other pleadings Plaintiff has filed since the Magistrate Judge issued his Report and Recommendation. (Docs. 37, 32–36, 38–41.) In this action, the Court has provided Plaintiff with the opportunity to amend his Complaint to state related claims against related Defendants and instructions regarding how to prosecute his claims within the confines of the Federal Rules of Civil Procedure and pertinent precedent. Rather than take advantage of that opportunity, Plaintiff has continued to disregard the Court's directives throughout his pleadings. For instance, in his most recent pleading, Plaintiff seeks to assert more unrelated claims, and he names Defendants that the United States District Court for the Middle District of Georgia already dismissed before that court transferred this case to this District.

Accordingly, for the reasons set forth below, the Court **OVERRULES** Plaintiff's Objections, (doc. 37), and **ADOPTS** the Magistrate Judge's September 18, 2017, Report and Recommendation as the opinion of the Court. The Court **DISMISSES without prejudice**

Plaintiff's Complaint, **DISMISSES as moot** Plaintiff's Motions which were pending at the time the Magistrate Judge issued his Report and Recommendation, (docs. 7, 8, 10, 11–15), and **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. The Court **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal.

Additionally, the Court **LIFTS** the stay imposed by Order dated September 18, 2017. The Court further: **GRANTS in part, DENIES in part,** and **DISMISSES as moot in part** Plaintiff's "Miscellaneous" Motion, (doc. 32); **DENIES** Plaintiff's Motion for Reconsideration, (doc. 33); **OVERRULES** Plaintiff's Objections to the August 14, 2017, Order, (doc. 34); **DENIES** Plaintiff's Motion to Stay and Motion for Access to Case Authorities, (docs. 35, 36); **OVERRULES** Plaintiff's Objections to the July 20, 2017, Order, (doc. 38); **DENIES** Plaintiff's Motion to Appoint Counsel, (doc. 39); **DENIES** Plaintiff's Motion for Evidentiary Hearing and to Subpoena Plaintiff's Medical Records, (doc. 40); and **DENIES** Plaintiff's Motion to Exceed the Ten-Page Limit on Amended Complaint, (doc. 41).

## BACKGROUND

Plaintiff brings his Complaint pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, *et seq.*, ("RLUIPA"). In his Complaint, Plaintiff lays out a number of claims regarding the conditions of his imprisonment at Georgia State Prison.

First, he generally alleges that Defendants violated his constitutional rights and the RLUIPA. Plaintiff asserts he is an adherent to the Islamic religion, and "Defendants' policies and customs" are leading to the denial of his participation in religious celebrations and feasts, access to other religious components, and forced compliance with shaving procedures, which includes exposure to unsanitary clippers. (Doc. 1, pp. 11, 17–18.)

Plaintiff additionally contends "Defendants" placed him in the Tier II program in April 2016 without providing advanced notice or an opportunity to present testimony or evidence against his placement, in violation of due process. (Id. at pp. 14–15.) Plaintiff also contends that the Tier II program consists of three (3) different phases, that he was placed in these different phases as recently as November 29, 2016, and that he was denied due process protections each time. (Id. at pp. 14–16.)

Moreover, Plaintiff maintains he has been diagnosed with allergy and sinus problems and is on medication for these problems. Plaintiff states he has been suffering with ongoing toothaches and pains. (Id. at p. 20.) However, Plaintiff asserts "Defendants" deny inmates in the Tier II program and those inmates who are indigent Sensodyne toothpaste, which Defendant Geiger instructed Plaintiff to use. (Id.)

Plaintiff also filed Motions to Proceed *in Forma Pauperis* and several other Motions. (Docs. 2, 7–8, 10–15, 16.) The District Court for the Middle District of Georgia transferred Plaintiff's case to this Court after conducting a review of Plaintiff's Complaint and dismissing Plaintiff's claims against any Defendant residing within the Middle District of Georgia. (Doc. 17.)

This Court deferred ruling on Plaintiff's Motions to Proceed *in Forma Pauperis* and the numerous other Motions Plaintiff filed by Order dated July 20, 2017. (Doc. 21.) In that same Order, the Court deferred its requisite frivolity review of Plaintiff's Complaint. The Court directed Plaintiff to amend his Complaint and to submit the appropriate form on which to move to proceed *in forma pauperis* within fourteen (14) days of that Order. (Id. at p. 2.) The Court advised Plaintiff his claims were not related to each other and that he must set forth allegations in his Amended Complaint indicating that his constitutional and/or statutory rights had been

violated and by whom those rights had been violated. (Id. at p. 6.) In this regard, the Court provided Plaintiff with specific instructions as to how he should amend his Complaint. (Id. at pp. 6–7.) Plaintiff was cautioned that his failure to file an appropriate Amended Complaint "could result in the dismissal of his cause of action for failure to follow this Court's Order." (Id. at p. 7 (emphasis in original).)

While Plaintiff did file a proper and timely third Motion to Proceed *in Forma Pauperis*, (doc. 23), he also filed a Motion for Extension of Time to Comply, Object, or Move to Reconsider this Court's July 20, 2017, Order. (Doc. 24.) Plaintiff sought an extension of time until September 6, 2017, to comply with this Court's directive to file an appropriate Amended Complaint. According to Plaintiff, he intended to file an Amended Complaint, but he could not access the law library to research the claims, the proper Defendants, and the facts he needed to assert in his Amended Complaint. (Id. at p. 2.) This Court granted Plaintiff's Motion in part and allowed Plaintiff up to and including August 28, 2017, to file any desired response to the Court's July 20, 2017, Order. (Doc. 26.) Plaintiff was forewarned "that the Court will not grant any additional motions for extension of time to respond he may file." (Id. at p. 1.)

Nevertheless, Plaintiff filed a Second Motion for Extension of Time to Comply, Object, or Move to Reconsider on August 30, 2017. (Doc. 27.) Plaintiff asserted he had surgery on his wrist on August 8, 2017, and was unable to "do any lengthy writing/typing" until he recovers from his surgery. Plaintiff estimated his recovery would take four to eight (4–8) weeks' time. (Id. at p. 1.) Plaintiff requested an extension of time until October 6, 2017, to respond to the Court's July 20, 2017, Order. (Id. at pp. 1–2.) Plaintiff also filed a Motion for Extension of Time to File Objections to the August 14, 2017, Order and a Motion for Reconsideration of this

same Order. (Docs. 28, 29.) The Magistrate Judge denied these Motions, as well as Plaintiff's

Motions to Proceed *in Forma Pauperis*. (Doc. 30.)

In so doing, the Magistrate Judge noted Plaintiff's reason for requesting a second

extension to respond to the July 20, 2017, Order was because he had wrist surgery and could not

write any pleading that would be lengthy.[1] (Id. at p. 9.) However, the Court's instructions to

Plaintiff for the filing of an appropriate Amended Complaint only allowed for Plaintiff to add no

more than ten (10) pages to the form Complaint. In addition, the Magistrate Judge took judicial

notice that, in at least one other cause of action Plaintiff initiated in this Court, he filed seven (7)

pleadings or documents on August 11, 2017, or later, and those documents combined for fifteen

(15) pages of substantive content. (Id. (citing Daker v. Allen, 6:17-cv-23 (S.D. Ga. Aug. 11–30,

2017), ECF Nos. 33–39).) The Magistrate Judge found Plaintiff's proffered reason for needing

an additional extension of time to respond to this Court's July 20, 2017, Order less than credible,

especially in light of Plaintiff having provided a different reason for his need for an extension of

time to respond to the Court's Order.

In addition to his Objections to the Report and Recommendation, Plaintiff has now filed

the following Motions and pleadings: 1) Motion for Copy of July 20, 2017, Order and Copies of

Civil Rights Complaint form, for Extension of Time to File Amended Complaint and Objections

to the July 20, 2017, Order, Motion to Reconsider the July 20, 2017, Order, and Motion to

Compel Copies, (doc. 32); 2) Motion for Reconsideration of the August 14, 2017, Order,

(doc. 33); 3) Objection to the August 14, 2017, Order, (doc. 34); 4) Motion to Stay Time to

Object to the Magistrate Judge's Report and Recommendation and the September 18, 2017,

Order, (doc. 35); 5) Motion for Access to Case Authorities, (doc. 36); 6) "Objection to Order on

---

[1] In his first Motion for Extension of Time, Plaintiff declared he could not comply with the Court's July 20, 2017, Order because he could not access the law library to conduct research. (Doc. 24.)

Motion to Vacate", (doc. 38); 7) Motion to Appoint Counsel, (doc. 39); 8) Motion for Evidentiary Hearing and to Subpoena Plaintiff's Medical Records, (doc. 40); and 9) Motion for Permission to Exceed the Ten-Page Limit on Amended Complaint, (doc. 41). Plaintiff attached a typewritten, 119-page proposed Amended Complaint to his most recent filing. (Doc. 41-1.) The Court addresses Plaintiff's filings in turn, combining his pleadings as necessary due to their repetitive nature.

## I. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation and "Objection to Order on Motion to Vacate" (Docs. 37, 38)

Plaintiff states that, although the Magistrate Judge forewarned him in the August 14, 2017, Order that the Court would not grant him any further extensions of time, the Magistrate Judge gave that warning before he was aware of Plaintiff's wrist surgery. Plaintiff contends he is left handed and had surgery on his right wrist, but he needs to use his right hand to hold down his paper while he writes, which causes pain and difficulty. (Doc. 37, pp. 1–2.) Plaintiff also contends the pain he experiences makes it difficult to write any lengthy pleading. In addition, Plaintiff maintains the twenty-one (21) pages the Magistrate Judge allotted for the Amended Complaint (eleven (11) pages for the complaint form and the additional ten (10) pages to attach to the form) will not provide him with enough space to write his Amended Complaint and are too much for Plaintiff to write. Plaintiff states his litigation history alone would require more than ten (10) pages. (Id. at pp. 2–4.) Plaintiff notes the Magistrate Judge's citation to another case Plaintiff filed in this District and the seven (7) motions Plaintiff filed in that case after his wrist surgery. However, Plaintiff contends the pages of those motions did not approach the page limit the Magistrate Judge provided in this case and had to be written in piecemeal fashion due to the pain from his surgery. (Id. at p. 3.) Plaintiff avers he had a copy of his Amended Complaint almost completed, but it was destroyed when his cell was shaken down on September 10, 2017.

Plaintiff also avers the drafting of a complaint "almost always requires writing a draft before submitting a final copy." (Id.)

Further, Plaintiff maintains that the Magistrate Judge's page-limit directive is contradictory because Plaintiff cannot meet the ten (10) additional pages limit without omitting all factual information, each Defendant's involvement, his efforts at exhaustion, and his litigation history. Plaintiff states he would have to exceed this additional page limitation to meet the Magistrate Judge's directives regarding the filing of an Amended Complaint. Additionally, Plaintiff maintains the Magistrate Judge's directives re-write Federal Rule of Civil Procedure 18(a), which allows a plaintiff to bring as many claims as he can against an opposing party in one action. (Id. at p. 4.) Plaintiff contends the ten-page limit, which would force him to drop some claims to fit within this limit, violates the "Simmons principle", which makes it "'intolerable that one constitutional right should have to be surrendered in order to assert another.'" (Id. (quoting Simmons v. United States, 390 U.S. 377 (1967).) Finally, Plaintiff alleges he does not have access to the case law the Magistrate Judge cited. (Id. at p. 5.)[2]

Plaintiff's latest proffered reasons for failing to comply with this Court's Orders underscore the reasons the Magistrate Judge found Plaintiff's previously-asserted reasons less than credible. First, Plaintiff's excuses are ever-changing. Initially, Plaintiff could not comply with this Court's Orders because he did not have access to the law library. Then, he could not comply due to his wrist surgery. Now, in addition to his wrist surgery, Plaintiff's almost-completed Amended Complaint was destroyed when his cell was shaken down on September 10, 2017. In addition, Plaintiff's excuses fail in the face of his course of filings. In this case, Plaintiff has filed ten (10) pleadings since the Report and Recommendation was filed, and these pleadings total nearly 150 pages of substantive materials, which includes twenty-four (24)

---

[2] Plaintiff advances these same arguments in his "Objection" at Docket Number 38.

handwritten pages and 119 typewritten pages. Even if Plaintiff had to draft these pleadings in piecemeal fashion due to pain he has been experiencing, he could have done the same with any desired Amended Complaint. Further, as noted above, Plaintiff recently submitted a proposed Amended Complaint that consists of 119 typewritten pages. (Doc. 41-1.) This submission alone undermines Plaintiff's contentions that he is unable to prepare a lengthy pleading.

If Plaintiff's Amended Complaint complied with the Magistrate Judge's page-limit directive, it would have comprised far fewer pages than his post-Report and Recommendation filings. Further, by Plaintiff's own admission, he had an Amended Complaint almost completed on September 10, 2017, when that pleading allegedly was destroyed. The fact that Plaintiff had nearly completed his Amended Complaint after his surgery undermines his contention that he could not prepare an Amended Complaint due to the pain he experiences as a result of that surgery.

Additionally, Plaintiff's contention that he cannot set forth his related claims within the Magistrate Judge's twenty-one (21) page limit is also without merit. This Court's form complaint requires very little writing, other than marking blanks for "Yes" or "No", disclosing whether a party has filed previous lawsuits and filed grievances, and providing a brief statement of facts. A prisoner-plaintiff need not set forth any citations to law. Further, he can state that he has too many previous lawsuits to name and direct the Court to look at this Court's and other courts' dockets for that information. The Court was able to provide a factual statement of Plaintiff's claims in a concise format. Even more telling is that Plaintiff's original Complaint contains allegations against numerous Defendants who have been dismissed and only consists of twenty-two (22) pages. Plaintiff was able to set forth all of his unrelated allegations against many more Defendants in that filing that exceeds the Magistrate Judge's page limitation by only

one page. Thus, Plaintiff should have had no difficulty fitting related claims against far fewer Defendants in the twenty-one (21) pages the Magistrate Judge allotted for the filing of his Amended Complaint.

Furthermore, the Magistrate Judge's page limitation does not violate Rule 18(a), as Plaintiff contends. Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "However, 'multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act ["PLRA"] limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.'" Smith v. Conner, No. 8:12-CV-52-T-30AEP, 2012 WL 1676643, at *1 (M.D. Fla. May 14, 2012) (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)). Thus, while Plaintiff can assert as many claims against one Defendant in this cause of action, he cannot bring unrelated claims against all Defendants in this single cause of action.

Finally, Plaintiff's reliance on Simmons is misplaced. In that case, the United States Supreme Court discussed whether a criminal defendant who testifies in support of a Fourth Amendment suppression issue waives his Fifth Amendment right against self-incrimination during later proceedings. The Supreme Court determined it "intolerable" for one constitutional right to be surrendered at the sake of another and held, "that when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection."

Simmons, 390 U.S. at 394. The Magistrate Judge directing Plaintiff to narrow his claims to related claims in no way limits the exercise of Plaintiff's constitutional rights, especially those of the same magnitude as the rights involved in Simmons. By limiting his constitutional claims in this lawsuit to those that are related to one another, Plaintiff would not be faced with the choice of sacrificing his other constitutional rights like the testifying defendant in Simmons. Rather, Plaintiff could file his other unrelated constitutional claims in a separate lawsuit.

Accordingly, the Court **OVERRULES** Plaintiff's Objections, (doc. 37), and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. For these same reasons, the Court **OVERRULES** Plaintiff's Objections to the July 20, 2017, Order, (doc. 38). Nevertheless, the Court still addresses Plaintiff's remaining pleadings.

## II. Plaintiff's "Miscellaneous" Motion (Doc. 32)

In his Miscellaneous Motion, Plaintiff requests a number of things. First, Plaintiff wishes to obtain a copy of the Court's July 20, 2017, Order. In addition, Plaintiff requests two (2) copies of the Court's civil rights complaint form. Plaintiff contends his copy of the Order and his Amended Complaint were destroyed on September 10, 2017. Plaintiff also seeks an additional thirty (30) days to file his Amended Complaint and to file partial Objections to the July 20, 2017, Order. Moreover, Plaintiff requests that the Court order prison officials to provide him with access to photocopies at a reasonable rate. (Doc. 32, pp. 1–2.)

The Court **GRANTS in part**, **DENIES in part**, and **DISMISSES as moot in part** Plaintiff's Miscellaneous Motion. The Court **GRANTS** the portion of Plaintiff's Motion seeking two (2) copies of a blank civil rights complaint form. The Court **DIRECTS** the Clerk of Court to provide Plaintiff with these forms. The Court also **GRANTS** the portion of this Motion requesting a copy of the Court's July 20, 2017, Order. The Court **DIRECTS** the Clerk of Court

to provide Plaintiff with a copy of the Court's July 20, 2017, Order without requiring prepayment of fees. However, the Court advises Plaintiff that, in the future, he must pre-pay the Clerk of Court for a copy of any pleading in this case. The Court **DISMISSES as moot** the portions of Plaintiff's Motion seeking extensions of time to file additional pleadings, for the reasons set forth in Section I of this Order. Finally, for the reasons discussed in Section III of this Order, the Court **DENIES** the portion of the Miscellaneous Motion requesting the Court to order Defendants to provide him with photocopies.

## III. Motion for Reconsideration of and Objections to the August 14, 2017, Order (Docs. 33, 34)

Plaintiff seeks reconsideration of the portion of the Court's August 14, 2017, Order informing Plaintiff that he was not entitled to free copies. Plaintiff maintains he did not request free copies from prison officials and is willing to have his prison trust account frozen to pay a reasonable rate for the copies, such as $0.10 a page. (Docs. 33, 34.)

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond Cty., No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Court discerns no reason to grant Plaintiff's Motion. He fails to present any newly-discovered evidence in support of his request, and he does not demonstrate that the Court's previously-entered Order represents a manifest error of law or fact. In fact, Plaintiff offers no reason for the Court to reconsider its previously-entered denial of photocopies. Should Plaintiff desire photocopies from Defendants and is willing to pay $0.10 for each copy, he should direct his request to prison officials, as the Magistrate Judge advised. (Doc. 26, p. 3.) Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration. The Court's Order dated August 14, 2017, shall remain the Order of the Court. For these same reasons, the Court **OVERRULES** Plaintiff's Objections to the August 14, 2017, Order.

## IV. Motion to Stay Time to Object to September 18, 2017, Report and Recommendation and Motion for Access to Case Authorities (Docs. 35, 36)

In these Motions, Plaintiff asks the Court to issue a stay to permit Plaintiff to file Objections to the Magistrate Judge's August 14, 2017, Report and Recommendation, pending a ruling on his Motion for Access to Case Authorities. Plaintiff contends he is supposed to have access to the law library but does not, because there is not a satellite law library in the prison's lockdown unit. Plaintiff asserts the Magistrate Judge cited to numerous statutes, rules, and cases, and he does not have access to these authorities, rendering him unable to formulate Objections or to distinguish these authorities from his cause of action. (Doc. 35, p. 2.) Plaintiff seeks an Order directing Defendants to provide Plaintiff with the authorities cited or for the Court to do so. (Doc. 36.)

Plaintiff offers no reason why he cannot formulate Objections to the Report and Recommendation without having access to the authorities the Magistrate Judge cited, as the Magistrate Judge recommended Plaintiff's Complaint be dismissed without prejudice based on Plaintiff's failure to follow this Court's Orders. (Doc. 30.) Plaintiff could easily respond to this

12

recommendation without having the cited case authorities. To be sure, Plaintiff did just that by filing Objections to the September 18, 2017, Report and Recommendation as one of the litany of pleadings he has filed since the Magistrate Judge issued his Report and Recommendation. (Doc. 37.) Plaintiff's actions throughout the entirety of this litigation—and in particular since the Magistrate Judge issued his Report and Recommendation—belie any contention that Plaintiff cannot respond to this Court's rulings or directives. Specifically, in at least three (3) of his post-Report and Recommendation pleadings, Plaintiff has been able to provide the Court with citations to the Federal Rules of Civil Procedure and case law. (See Docs. 37, 38, 41.) In short, Plaintiff's actions either contradict or undermine the reasons advanced in these Motions. Thus, the Court **DENIES** Plaintiff's Motion to Stay Time to File Objections and his Motion for Access to Case Authorities.

## V.      Motion to Appoint Counsel (Doc. 39)

Plaintiff requests the Court appoint him counsel for the limited purpose of assisting Plaintiff with the drafting of his Amended Complaint. In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Id. (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit

Court of Appeals has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015); Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013); McDaniels, 405 F. App'x at 457; Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; and Wahl, 773 F.2d at 1174). This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court. In fact, the sheer volume of pleadings Plaintiff has filed with the Court is clearly indicative of his ability to present this Court with the essential merits of his position. Plaintiff's failure to comply with this Court's order is not due to his inability to communicate or his need for counsel to elucidate his position. Rather, he has made a conscious choice to persist in presenting unrelated claims and to disregard the Court's instructions. For these reasons, the Court **DENIES** Plaintiff's Motion.

**VI.    Motion for Evidentiary Hearing and to Subpoena Plaintiff's Medical Records (Doc. 40)**

In this Motion, Plaintiff asserts that, before the Court discredits his reasons for seeking extensions of time, the Court should hold an evidentiary hearing and allow Plaintiff to call his medical care provider and to subpoena his medical records. According to Plaintiff, this evidentiary hearing will reveal his reasons for requesting extensions of time are credible.

The Court does not find Plaintiff's assertion that he had wrist surgery unworthy of belief. However, what the Court finds less than credible is Plaintiff's attendant contention that his surgery prevents him from preparing pleadings in this case, as discussed at length in Section I above and in the Magistrate Judge's Report and Recommendation. This finding is further supported by Plaintiff's filing of his proposed Amended Complaint, which consists of 119 typewritten pages and more than 700 paragraphs. (Doc. 41-1.) The record of pleadings in this case provides more than ample evidence to support the rulings issued in this Order. Consequently, the Court **DENIES** Plaintiff's Motion.

**VII.    Motion for Permission to Exceed the Ten-Page Limit on Amended Complaint (Doc. 41)**

Plaintiff seeks the Court's permission to exceed the additional ten-page limit the Magistrate Judge allotted him when advising Plaintiff to submit an Amended Complaint. In support of his Motion, Plaintiff once again states the ten-page limit is impossible for him to meet, this limit violates Federal Rule of Civil Procedure 18, and it violates the <u>Simmons</u> principle. (Doc. 41, pp. 1–2.) Plaintiff also states he does not have access to PACER to accurately relay his litigation history. (<u>Id.</u> at p. 3.) Plaintiff attached to this Motion his "First Amended and Supplemental Complaint". (Doc. 41-1.)

The Court **DENIES** Plaintiff's Motion for the same above-discussed reasons. In addition, as noted above, Plaintiff's Amended Complaint is 119 typewritten pages and is comprised of nearly 700 paragraphs. He names individuals in this Amended Complaint the District Court for the Middle District of Georgia already dismissed, and this Amended Complaint still includes unrelated claims. Moreover, Plaintiff has included claims in his Amended Complaint which post-date the filing of his original Complaint. Plaintiff's Amended Complaint in no way comports with the letter or spirit of the Magistrate Judge's instructions or the Federal Rules of Civil Procedure.

## CONCLUSION

The Court **OVERRULES** Plaintiff's Objections, (doc. 37), and **ADOPTS** the Magistrate Judge's September 18, 2017, Report and Recommendation as the opinion of the Court. The Court **DISMISSES without prejudice** Plaintiff's Complaint, **DISMISSES as moot** Plaintiff's Motions which were pending at the time the Magistrate Judge issued his Report and Recommendation, (docs. 7, 8, 10, 11–15), and **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. The Court **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal.

Additionally, the Court **LIFTS** the stay imposed by Order dated September 18, 2017. The Court further: **GRANTS in part, DENIES in part,** and **DISMISSES as moot in part** Plaintiff's "Miscellaneous" Motion, (doc. 32); **DENIES** Plaintiff's Motion for Reconsideration, (doc. 33); **OVERRULES** Plaintiff's Objections to the August 14, 2017, Order, (doc. 34); **DENIES** Plaintiff's Motion to Stay and Motion for Access to Case Authorities, (docs. 35, 36); **OVERRULES** Plaintiff's Objections to the July 20, 2017, Order, (doc. 38); **DENIES** Plaintiff's Motion to Appoint Counsel, (doc. 39); **DENIES** Plaintiff's Motion for Evidentiary Hearing and

to Subpoena Plaintiff's Medical Records, (doc. 40); and **DENIES** Plaintiff's Motion to Exceed the Ten-Page Limit, (doc. 41).

      **SO ORDERED**, this _____ day of December, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA