IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

*FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2019 MAR 15 AM 9: 52

CLERK _M. akins_
SO. DIST. OF GA.

WASEEM DAKER,                    *
                                 *
        Plaintiff,               *
                                 *
        v.                       *          CV 617-079
                                 *
COMMISSIONER HOMER BRYSON,       *
et al.,                          *
                                 *
        Defendants.              *
                                 *

———————————

**O R D E R**

———————————

Before the Court are ten post-judgment motions filed by Plaintiff Waseem Daker. (Docs. 44, 47, 50, 51, 59-62, 64, 65.) They include a motion for subpoena, a motion for access to photocopying, two motions for law library access, a motion for leave to amend, a motion for appointment of counsel, and four motions for a preliminary injunction or temporary restraining order.[1]

On September 18, 2017, the United States Magistrate Judge entered a Report and Recommendation ("R&R") that this case be dismissed without prejudice for failure to comply with the Court's Order. (R&R, Doc. 30, at 10.) Plaintiff failed to timely submit

———————————

[1] Of the four injunction motions, two address the merits of Plaintiff's underlying claims (Docs. 59, 62), one concerns law library access (Doc. 61), and the final relates to photocopying access (Doc. 60).

an amended complaint as required by the Court's July 20, 2017 Order. (Id. at 9.) Plaintiff missed the deadline even though he was granted an extension of time to comply. (Id.) The Court conducted a *de novo* review of the record and entered an Order on December 6, 2017, overruling Plaintiff's objections and adopting the R&R.[2] (Order of Dec. 6, 2017, Doc. 42, at 16.) The Clerk entered Judgment that same day. (Doc. 43.)

The Court subsequently denied Plaintiff's three motions to vacate the December 6, 2017 Order because the Court found Plaintiff was merely attempting to relitigate previously decided issues. (Order of July 16, 2018, Doc. 66, at 2; see also Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) (a party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment"). After denial of the motions to vacate, Plaintiff's ten motions referenced above are the only matters remaining in this closed case.

None of Plaintiff's ten pending motions ask the Court to reconsider its judgment in this case. Instead, they all request relief that would only be relevant if this case had not been dismissed. Accordingly, Plaintiff's remaining motions (Docs. 44,

---

[2] The Court also addressed a number of other pending motions from Plaintiff, including a motion to appoint counsel. (Order of Dec. 6, 2017, at 10-16.)

47, 50, 51, 59-62, 64, 65) are **DENIED AS MOOT**. This case shall remain **CLOSED**.

   **ORDER ENTERED** at Augusta, Georgia, this _15th_ day of March, 2019.

                          J. RANDAL HALL, CHIEF JUDGE
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF GEORGIA